STEWART, J.,
dissenting in part and concurring in part.
h STEWART, J., dissenting in part and concurring in part.
The defendant, Greg Stevens, sought supervisory review of the trial court’s denial of a motion for release from jail which the defendant filed 120 days after filing a motion for speedy trial on the charges of second degree kidnaping, attempted first degree murder, and obstruction of justice. The defendant has been held in custody since October 20, 1997. The trial court denied release upon ruling that the 120-day period set forth in La.C.Cr.P. art. 701(D)(1)(a) does not begin to run until the court has been personally advised by defense counsel that the motion for speedy trial has been filed. On supervisory review, the majority denied relief upon determining that the motion for speedy trial was invalid because defense counsel’s affidavit of verification, filed in support of the speedy trial motion, fails to satisfy La. C.Cr.P. art. 701(D)(1). Because the majority’s determination is incorrect, I dissent as to the majority’s denial of relief on that portion of the writ application seeking review of the trial court’s denial of release.
For a speedy trial motion to be valid, it must be accompanied by an affidavit by defendant’s counsel certifying that the defendant and his counsel are prepared to proceed to trial within the appropriate delays. La.C.Cr.P. art. 701(D)(1). The affidavit of verification which accompanied the motion for speedy trial states:
BEFORE ME, the undersigned authority personally came and appeared Paul Henry Kidd, who being first duly sworn does state that the defendant in State of Louisiana v. Greg Stevens, Case No. 84183-85, will be ready for trial in this matter within 120 days.
The affidavit of verification is signed by defense counsel, Paul Henry Kidd, and is notarized. (See motion for speedy trial and affidavit of verification attached at Appendix A.) The affidavit prepared by defense counsel and sworn to by defense counsel clearly sets forth the defendant’s readiness for trial. La.C.Cr.P. art. 701(D)(1) merely requires certification that the defense is prepared to proceed to 12trial. The affidavit in this instance certifies that the defense is prepared for trial. The affidavit of verification complies with the requirements of La.C.Cr.P. art. 701(D)(1).
The majority provides no reasons and no authority for its determination that the affidavit of verification does not comply with La.C.Cr.P. art. 701(D)(1), and my review of the motion for speedy trial and the accompanying affidavit of verification reveals no basis for the majority’s determination. The validity of the defendant’s motion for speedy trial was not raised as an issue in the trial court. Both the trial court and the state accepted the defendant’s motion as a properly certified speedy trial motion. The validity of the motion has not been raised as an issue for supervisory review. Furthermore, it is quite apparent from the transcript of the proceedings in the trial court that the defendant has been and is prepared to go to trial. In addressing the validity of the *263 motion for speedy trial, the majority refers to no procedural vehicle which allows us to consider a nonissue when conducting supervisory review. Decisions of this court must be based on law and the facts found in the record. Our decisions must not be made on an “ends justifies the means” approach as adopted by the majority in this case. Decisions made in such a manner will only result in a chilling effect on the review process in general and in an infringement on the rights of the defendant in this particular matter.
By determining, for unknown reasons and without supporting authority, that the affidavit of verification is invalid, the majority fails to address the real issue before this court. What must be determined is whether the trial court erred in ruling that the 120-day period set forth in La.C.Cr.P. art. 701(D)(1)(a) does not begin to run until the court is notified that a speedy trial motion has been filed.
In his application for supervisory review, the defendant correctly argues that La. C.Cr.P. art. 701 does not require that the trial court be notified of the filing of a speedy trial motion before the 120 days can commence. The plain wording of Article 701 carries no such requirement. Further, it has been held that the time limit commences to run upon the filing of the motion for speedy trial. State v. Fontanille, 502 So.2d 119 (La.1987). It is clear that the trial court erred in ruling that the 120-day period does not commence until the trial court receives notice of the filing of the motion for speedy trial.
The state’s failure to commence trial within the applicable time period once a motion for speedy trial is filed “shall result in the release of the defendant without bail or in the discharge of the bail obligation, if after contradictory hearing with the district attorney, just cause for the delay is not shown.” La.C.Cr.P. art. 701(D)(2). In this instance, the state made no effort to show just cause for failing to bring the defendant to trial within the required time, and the trial court was prepared to release the defendant but for its calculation error.
Considering that the defendant filed a motion for speedy trial and that the state then failed to commence trial within 120 days and failed to show just cause for the delay, it is evident that the defendant is entitled to the relief sought. The majority, by judicial fiat, denied relief and sidestepped the only issue presented for review. Because I find no basis or support for the majority’s determination that the affidavit of verification is invalid and because I find no reason why we should address this nonissue, I dissent from that determination.
I concur in the majority’s disposition of the issue presented for review regarding the defendant’s bail obligation on additional charges.
*264 I4APPENDIX A
[[Image here]]
*265 [[Image here]]